951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George S. WILBURN, Defendant-Appellant.
 No. 91-3369.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant appeals the application by the District Court of § 3C1.1 of the Sentencing Guidelines, relating to obstruction of justice, and § 1B1.3 of the Sentencing Guidelines, relating to the inclusion of other relevant conduct in the base level offense determination. Finding no merit to defendant's arguments, we AFFIRM the judgment of the District Court.
 
 I.
 
 2
 On August 1, 1990, defendant George Wilburn was indicted by a federal grand jury in Cincinnati for two counts of distribution of cocaine base in amounts of more than fifty grams, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). While free on bond after arraignment, Wilburn allegedly pointed a gun at the informant who had introduced Wilburn to the arresting undercover police officer. Wilburn later pled guilty to count one of the indictment, which charged him with the distribution of nine ounces of cocaine on July 3, 1990. At the time of his arrest, Wilburn had stated to the officers that the nine ounces involved in that sale was part of a twenty-six ounce shipment he had recently received through the mail. At sentencing, the District Court relied upon Wilburn's admission and included the twenty-six ounces as relevant conduct in determining the base offense level under the Sentencing Guidelines, U.S.S.G. § 1B1.3. The court also found by the preponderance of the evidence that Wilburn had attempted to threaten or intimidate the informant by pointing the gun at him in a parking lot, and so raised the base level by two points for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Wilburn now appeals both issues.
 
 II.
 
 3
 We apply a clearly erroneous standard of review to a District Court's assessment of whether the preponderance of the evidence weighs in favor of finding an obstruction of justice enhancement applicable. United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). The informant testified that the defendant pointed a gun at him. The defendant denied doing so. The District Court evaluated the evidence, made credibility determinations, and found that the weight of evidence preponderated in favor of a finding that the defendant had in fact threatened the witness with a gun. We have no basis for deeming that clear error.
 
 
 4
 The defendant appears to argue that the District Court was obligated to find a specific intent to obstruct justice beyond a reasonable doubt because obstruction of justice is itself a crime. We reject that proposition. The court determined by a preponderance of the evidence that the defendant intended to point a gun at the informant, and intended thereby to threaten and intimidate him. That is all that is required for the obstruction of justice offense level increase to apply. See U.S.S.G. § 3C1.1, comment. (n. 3a) (example of type of conduct to which obstruction of justice enhancement applies includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so").
 
 
 5
 The fact that conduct that might merit enhancement for obstruction of justice might also be chargeable on its own under 18 U.S.C. § 1512,[1] moreover, does not preclude its application here. In fact, the Guidelines specifically envision that conduct that fits within the prescriptions of § 1512 could also constitute the basis for an obstruction of justice enhancement. See U.S.S.G. § 3C1.1, comment (n. 3i) (example of proscribed conduct includes "conduct prohibited by 18 U.S.C. § 1501-16"). Only if Wilburn were also being convicted and sentenced under that provision would his argument have any merit.
 
 
 6
 Turning to defendant's other argument, relating to the relevant conduct determination, we find that it also has no merit. Defendant alleges that only the nine ounces of cocaine that were found on him upon arrest can be considered in determining his offense level. Under the Guidelines, that is incorrect. The Guidelines require that conduct that is part of the same course of conduct giving rise to the conviction be included in the offense level determination. See United States v. Miller, 910 F.2d 1321 (6th Cir.1990), cert. denied, 111 S.Ct. 980 (1991). Here, defendant admitted to the other seventeen ounces, and no plea agreement was outstanding. Under the Guidelines, since the twenty-six ounces were part of the same purchase, and were to be distributed under the same distribution scheme and plan of conduct, the base level should be predicated on all twenty-six ounces. We find no error in the judgment of the District Court.
 
 III.
 
 7
 For the foregoing reasons, we AFFIRM the judgment of the District Court.
 
 
 
 [1]
 18 U.S.C. § 1512(b) provides that any person who "[k]nowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
 (1) influence, delay, or prevent the testimony of any person in an official proceeding;
 (2) cause or induce any person to--
 (A) withhold testimony ... from an official proceeding ... shall be fined not more than $250,000 or imprisoned not more than ten years, or both."